UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE EVANS LAW CORPORATION, APLC,  ET AL., | ) ) | CIVIL ACTION |
| Plaintiffs | ) | |
| | ) | NO. |
| VERSUS | ) | |
| | ) | SECTION |
| CESAR R. BURGOS, ET AL., | ) | |
| Defendants | ) | MAGISTRATE JUDGE |
| | ) | |

<u>NOTICE OF REMOVAL</u>

**PLEASE TAKE NOTICE** that defendants Cesar R. Burgos, The Burgos Law Corporation, APLC, George McGregor, Robert Daigre, Richard C. Stanley and William M. Ross (hereinafter collectively, "Defendants") through their respective undersigned counsel, hereby remove the above-captioned action from the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, and pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.  Defendants reserve their rights to raise any and all rights, defenses, exceptions, objections, and demands, in both state and federal courts. Defendants respectfully state the following:

1.     On July 7, 2016, the Evans Law Corporation, APLC, and Robert B. Evans, III (collectively, "Plaintiffs") commenced this action in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, styled *The Evans Law Corporation, APLC and Robert B. Evans, III v. Cesar R. Burgos, the Burgos Law Corporation, George McGregor, Robert Daigre, Richard C. Stanley and William M. Ross,* No. 762-636, Division "M."  A true and correct copy of the Petition, is attached hereto as Exhibit A.  On July 8, 2016, Plaintiffs filed a First Amended Petition, a true and correct copy of which is attached hereto as Exhibit B.  On July 11, 2016, Plaintiffs filed a Second

Amended Petition, a true and correct copy of which is attached hereto as Exhibit C.  On July 19, 2016, Plaintiffs filed a Third Amended Petition, adding CNA Insurance Company as a defendant.  A true and correct copy of the Third Amended Petition is attached hereto as Exhibit D.

2. Citations were issued with respect to the Petition and on July 25, 2016, Returns of Service were filed into the record pertaining to the July 20, 2016 service of the Petition upon William M. Ross and Richard C. Stanley.  A true and correct copy of the Citations issued and Service Returns are attached hereto as Exhibit E.  Ross and Stanley were served with the First Amended and Second Amended Petitions on August 2, 2016.  No Returns of Service have been filed into the record pertaining to the service of the First and Second Amended Petition at the time of filing.

3. Defendants, George McGregor and Robert Daigre, were served with the Petition on or about July 25, 2016. McGregor and Daigre were also served with the First Amended and Second Amended Petitions on August 3, 2016. No returns pertaining to their respective services have been filed into the record at the time of filing this Notice of Removal.

4. Defendants, Cesar R. Burgos and the Burgos Law Corporation, APLC, were served with the Petition, First Amended Petition and Second Amended Petition on August 3, 2016. No returns pertaining to this service have been filed into the record at the time of filing this Notice of Removal.

5. Defendants, through their respective undersigned counsel, filed Exceptions on August 3, 2016.  A copy of the Exceptions filed by Defendants are attached hereto as Exhibit F.

6. As more fully set forth below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446 because this Court has original federal question and

supplemental jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367 and because Defendants have satisfied the procedural requirements for removal.

**I.      REMOVAL IS PROPER BECAUSE THIS COURT HAS ORIGINAL FEDERAL QUESTION AND SUPPLEMENTAL JURISDICTION PURSUANT TO 28 U.S.C. §§ 1331 AND 1367.**

7.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because Plaintiffs brought claims "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Specifically, Plaintiffs alleged in Count III of the Petition that the defendants are liable for violating the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962 *et seq.*[1] Therefore, this action is properly removed to this Court.

8.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' remaining state law claims.  Pursuant to 28 U.S.C. § 1367, "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."   The question under § 1367(a) is whether the supplemental claims "derive from a common nucleus of operative fact" as the original federal claims. *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010) (citing *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008)).

9.      Paragraphs 2-24 of the Petition set forth certain allegations, and Count I ("Louisiana Unfair Trade Practices and Consumer Protection Law.  La. R.S. 51:1401, *et seq.*"), Count II ("Liability for Acts Causing Damages.  La. Civ. Code Art. 2315, *et seq.*"), and Count

---

[1] *See,* Exhibit A at ¶ 31.

III (RICO) all contain a blanket reference to these same "aforementioned acts and practices."[2]  Moreover, Count III (RICO) states that these "aforementioned acts and practices constitute the predicate acts and racketeering activity/unlawful conduct" on which liability is premised.[3]

10.    Plaintiffs are relying on the same set of facts to establish their RICO claim and their state law claims.  Thus, the federal and state law claims share a common nucleus of operative facts and are "so related," that it is proper for this Court to exercise supplemental jurisdiction over Plaintiffs' state law claims as well.

## II.    DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

11.    Plaintiffs first requested service of the original Petition and Citation on July 8, 2016.  Defendants Stanley and Ross received a copy of the original Petition and Citation on July 20, 2016.[4]  This Notice of Removal comes within 30 days of the date service was made upon the earliest defendant in this action. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

12.    The rule of unanimity regarding the consent to removal by all defendants is satisfied because all defendants served to date in this action consent to this removal.[5]

---

[2] *See* Petition, ¶¶ 25, 28, and 31. Count III (RICO) contains an unnumbered "legal malpractice" heading, under which there are two additional paragraphs of allegations, followed by a request for relief pursuant to 18 U.S.C. § 1962.  Petition, ¶¶ 38-40.

[3] *Id.* at ¶ 32.

[4] *See* 28 U.S.C.A. § 1446(b)(1)("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading . . .") (emphasis supplied); *see also Delgado v. Shell Oil Co.*, 231 F.3d 165, 177, 2000 WL 1551196 (5th Cir. 2000) ("We read § 1446(b) and its 'through service or otherwise' language as consciously reflecting a desire on the part of Congress to require that an action be commenced against a defendant before removal, but not that the defendant have been served.").

[5] While there is one other defendant named in the Petition, CNA Insurance Company, to date, it have not been served.  Accordingly, the consent of the unserved defendant is not needed to

13.     The 24th Judicial District Court for the Parish of Jefferson is located within the Eastern District of Louisiana.  Therefore, removal is proper pursuant to 28 U.S.C. § 98(a) because this is the "district and division within which such action is pending."  *See* 28 U.S.C. § 1446(a).

14.     No previous application has been made for the relief requested herein.

15.     Pursuant to 28 U.S.C. § 1446(a) and Local Rule 3.2, copies of all process, pleadings, and orders filed into the state court record are attached as Exhibits A through F.

16.     Pursuant to 28 U.S.C. § 1446(d), Defendant are filing written notice of this removal with the Clerk of the 24th Judicial District Court, Parish of Jefferson, State of Louisiana, with a copy of this Notice of Removal.  The same will also be served upon counsel for Plaintiffs.

**WHEREFORE**, Defendants, Cesar R. Burgos, The Burgos Law Corporation, APLC, George McGregor, Robert Daigre, Richard C. Stanley and William M. Ross, respectfully removes this action from the 24th Judicial District Court, State of Louisiana, to this Court.

*Signature Blocks Follow*

---

properly effectuate this removal.  *See* 28 U.S.C. § 1446(b)(2)(A) (noting that all defendants *who have been properly joined and served* must join in or consent to the removal of the action) (emphasis supplied).

5

Dated: August 3, 2016.

Respectfully submitted,

*/s/ Melissa M. Lessell*
William E. Wright, Jr. (#8564)
wwright@deutschkerrigan.com
Melissa M. Lessell (#32710)
mlessell@deutschkerrigan.com
**DEUTSCH KERRIGAN, L.L.P.**
755 Magazine Street
New Orleans, LA  70130
Telephone: (504) 581-5141
Facsimile: (504) 566-1201
*Counsel for William M. Ross and Richard C.*
*Stanley*

And

*/s/ Gus A. Fritchie, III*
Gus A. Fritchie, III (#5751)
gfritchie@irwinllc.com
**IRWIN FRITCHIE URQUHART & MOORE LLC**
400 Poydras Street, Suite 2700
New Orleans, LA  70130
Telephone: (504) 310-2106
Facsimile: (504) 310-2101
*Counsel for Cesar R. Burgos, The Burgos Law*
*Corporation, APLC, George McGregor and*
*Robert Daigre*

## CERTIFICATE OF SERVICE

I hereby certify that on this **3rd** day of August, 2016, I electronically filed the foregoing

document with the Clerk of court by using the CM/ECF system which will send a notice of

electronic filing to all counsel of record.  I further certify that I mailed the foregoing document

and the notice of electronic filing by first class U.S. mail to any non-CM/ECF participants

 */s/ Melissa M. Lessell*
MELISSA M. LESSELL