24TH JUDICIAL DISTRICT COURT FOR THE PARISH OF JEFFERSON

STATE OF LOUISIANA

NO.: 762-636　　　　　　　　　　DIVISION: "M"

THE EVANS LAW CORPORATION, APLC and ROBERT B. EVANS, III

VERSUS

CESAR R. BURGOS, THE BURGOS LAW CORPORATION, APLC,
GEORGE MCGREGOR, ROBERT DAIGRE,
RICHARD C. STANLEY AND WILLIAM M. ROSS

FILED: _____　　CLERK: _____

PETITION FOR NULLIFICATION OF "SETTLEMENT AGREEMENT",
FOR BREACH OF FIDUCIARY DUTY, FOR FRAUD, ERROR AND DURESS,
FOR CLAIMS UNDER THE LOUISIANA UNFAIR TRADE PRACTICES ACT,
FOR CONSPIRACY TO COMMIT FRAUD, FOR UNFAIR TRADE PRACTICES, FOR
IMMORAL AND DECITFUL CONDUCT, FOR MISHANDLING OF A PERSONAL
INJURY SUIT AND FOR MALPRACTICE

NOW INTO COURT, through undersigned counsel, come **PLAINTIFFS** herein:

**THE EVANS LAW CORPORATION, APLC and ROBERT B. EVANS, III**
(hereinafter collectively referred to as "Evans"), a Louisiana corporation with its principal place of business located at 3421 N. Causeway Boulevard, Suite 201, Metairie, LA 70002;

Robert B. Evans III (hereinafter "Robby"), a person of the full age of majority, domiciled in the Parish of Jefferson, State of Louisiana.

\* \* \* \* \* \* \*

Made **DEFENDANTS** in these proceedings are the following:

1) **Cesar R. Burgos** (hereinafter "Burgos"), a person of the full age of majority domiciled in the State of Louisiana, who at all times material hereto owed a fiduciary duty to Robert Evans and The Evans Law Corporation;

2) **The Burgos Law Corporation, APLC.** (hereinafter "Burgos Law"), a Louisiana corporation licensed to do and doing business in the Parish of Jefferson;

3) **George McGregor** (hereinafter "McGregor"), a person of the full age of majority domiciled in the State of Louisiana;

4) **Robert Daigre** (hereinafter "Daigre"), an individual of the full age of majority and resident of the Parish of Jefferson, State of Louisiana.

Page 1 of 10

EXHIBIT A

5) **Richard C. Stanley**, an attorney practicing in the Parishes of Orleans and Jefferson, who at all material times hereto advised the co-conspirators how to act to carry out their fraudulent acts; and

6) **William M. Ross**, an attorney practicing in the Parishes of Orleans and Jefferson, who at all times advised the co-conspirators how to act and carry out their fraudulent plan.

\* \* \* \* \* \* \*

The above named Defendants are truly and justly indebted to Evans, Plaintiffs herein, jointly, severally, and *in solido*, for the following damaging acts which have harmed Evans:

1.

Venue is proper pursuant to Article 74 of the Louisiana Code of Civil Procedure because Plaintiffs sustained damages in the Parish of Jefferson and defendants conduct extended into Jefferson Parish.

2.

The Evans Law Corporation, APLC is a corporation organized in Jefferson Parish, under the laws of the State of Louisiana whose sole owner is Robert B. Evans III. Evans is a licensed attorney in the State of Louisiana and the State of Texas. Between 1999 and 2015, Evans was law partners with Burgos in the limited liability company formerly known as Burgos & Evans, LLC. At all times material hereto, Burgos had a fiduciary relationship to Evans.

3.

An integral component of Evans' success is his reputation as an honest, aggressive and successful attorney throughout the State of Louisiana.

4.

From the time of Hurricane Katrina, August 2005, through some time in 2010, Burgos quit practicing law, outwardly telling people that he was not practicing law anymore. Effectively, Burgos withdrew from Burgos and Evans, LLC. During that period, Evans worked all facets of the Burgos & Evans Law Firm and continued to compensate Burgos fifty (50%) percent of the profits of the Burgos & Evans Law Firm.

5.

In 2010, Dixie Brewery, Inc., after interviewing with both Evans and Burgos, and being sold by the abilities of Evans, hired the firm Burgos & Evans.

IMAGED JUL 11 2016

6.

Ashton Ryan, a common friend to Evans and Burgos, referred Kendra Bruno to Evans and Burgos to interview Burgos & Evans as possible counsel in an expropriation case with LSU. Only after Kendra Bruno secured a level of comfort with Evans' abilities, Kendra Bruno and Joe Bruno hired Burgos & Evans to be their attorneys in the expropriation litigations. Cesar Burgos knows little to nothing about expropriation law.

7.

Evans was the lead attorney in the Dixie Brewery litigation from sometime in 2010 through May 1, 2015. In fact, Evans facilitated a substantial settlement for the Dixie Brewery from the State of Louisiana, more than ever expected. Furthermore, Evans testified in the hearing on attorneys' fees on April 16, 2015 as to the thousands of hours that Evans worked each year in the Dixie litigation.

8.

Burgos sat in the courtroom and accepted Evans' testimony as to the work Evans performed in the Dixie litigation in order to secure a judgment in the seven (7) figures for attorneys' fees alone.

**DIXIE LITIGATION**

9.

On or about April 29, 2015, Burgos learned that the settlement check in the Dixie litigation was mailed to the Burgos & Evans law firm. On May 1, 2015, Evans drafted an *Ex Parte* Motion to withdraw the money deposited by LSU from the registry of the Court. In fact, Evans walked the motion to Judge Brown for signing. However, on May 1, 2015, Burgos unilaterally changed the locks on the doors of the law firm and "illegally" hacked Evans' email so that Burgos would receive Evans' emails and that Evans would not receive his emails. In fact, this act excluded Evans from any and all communications with clients.

10.

From June 1, 2015 through this date, Burgos has continuously perpetuated lies to clients with whom Evans had an attorney client contract, telling clients that Evans was "on leave" addressing medical issues, which is a completely false statement. At no time did Evans stop practicing law, nor was Evans seeking medical treatment in May or June of 2015. Despite this fact

known to Burgos, Burgos and his co-conspirators, McGregor and Daigre, perpetuated this fraud upon Evans' clients.

11.

In June of 2015, Judge Tiffany Chase advised Burgos that at the termination of the law firm Burgos & Evans, Burgos was required to send a letter to all clients advising them that they had a choice of representation in their cases, Evans, Burgos or another attorney. Burgos refused to listen to the Judge and never mailed the letters. Further, Burgos received no reprimand for his ignoring of the Judge's instructions.

12.

Burgos was required to send the letter to all clients pursuant to the Code of Ethics and by order of Judge Chase. Burgos never sent the letter giving clients the choice of which attorney would represent the clients. Therefore, the clients were deprived the opportunity to choose an attorney. Further, while the letter was not being sent, Burgos, McGregor, and Daigre solicited clients, because they were the only ones in possession of the clients' contact information, telling clients that Evans' whereabouts were unknown, that he was on leave for medical reasons, and that the clients were in good hands with Burgos. Accordingly, Burgos breached his ethical obligations and deprived clients of the true information to choose an attorney. Additionally, Burgos, McGregor and Daigre continued to disparage Evans while soliciting Evans' clients in Burgos' direction.

13.

During this time period from May 1 through July 31, 2015, Evans had lost access to his office, his clients, his obligations to his clients and all of his means of income, while fighting false accusations perpetuated by the conspirators. Needless to say, Evans was under extreme duress.

14.

As a result of Burgos', McGregor's and Daigre's violation of the Rules of Ethics and the Judge's order, they continued to solicit Evans' clients while disparaging Evans and spreading false rumors as to Evans.

15.

At all times material hereto, Evans owned fifty (50%) percent of the law firm known as Burgos & Evans, LLC. Likewise, Evans owned fifty (50%) percent of the physical building where

IMAGED JUL 11 2016

the law office was located at 3535 Canal Street, as well as the telephone number, the website, email and domain.

16.

Despite Evans' ownership in the physical law firm housing Burgos & Evans firm and his right to his well-deserved reputation, Burgos, McGregor and Daigre conspired to interfere with Evans' contracts with his clients, his obligations to clients, and his work to be performed for clients. Yet, the co-conspirators continued from July 8, 2015 through today to tell lawyers in the community and clients false information regarding Evans.

17.

As a result of defamation of the co-conspirators, Burgos, McGregor and Daigre, most clients believed the co-conspirators' lies and were not given Evans' contact information to discuss the option of continuing with Evans, causing Evans to be in extreme duress.

18.

Based upon the lies, fraud, misrepresentations and duress, on or about July 8, 2015, Evans and Burgos reached an agreement whereby they resolved how to communicate to clients regarding Evans' new office location and confirmed that Burgos would send the letter to all clients providing the contact information to all clients of the former firm. Despite this agreement, Burgos, McGregor and Daigre have continuously defamed Evans to clients and attorneys, failed to provide Evans' contact information and failed to be honest that Evans had moved his practice to Metairie, Louisiana. Additionally, Burgos was supposed to pay Evans guaranteed payments on certain dates, which payments have not been made.

19.

The Settlement Agreement dated July 8, 2015, is null and void due to the fraud, error and duress.

20.

Additionally, as part of the settlement negotiations, Cesar Burgos produced papers purporting to be financial documents of the Firm, without any back up or supporting documentation. The numbers that Cesar Burgos presented in negotiations turned out to be false. Accordingly, Cesar Burgos used false financial information to induce settlement.

21.

The clients never received the benefit of the letter required by the Rules of Ethics, the letter directed by the Judge to be sent and the letter agreed to be sent as part of the Agreement.

22.

In fact, Burgos' entering into the Settlement Agreement with Evans was a complete sham for Burgos. He never intended to carry out his obligations under the contract. To this date, Burgos has failed to comply with the terms of the contract, which are supposed to be enforced by Judge Chase.

23.

This case arises out of Burgos, McGregor's, and Daigre's intent to permanently damage Evans' reputation and to gain an unfair competitive advantage at the financial detriment of Evans.

24.

Upon information and belief, Burgos, McGregor and Daigre misrepresented facts to clients purposely to interfere with Evans' good name and ability to practice law and to gain an unjust and immoral advantage over Evans.

**COUNT I. Violations of Louisiana's Unfair Trade Practices
and Consumer Protection Law. La. R.S. 51:1401, *et seq*.**

25.

The aforementioned acts and practices conducted by the Burgos in concert with McGregor and Daigre and potentially other parties were all conducted with the intent to threaten, damage, and economically destroy Evans and its lawful business and further, were conducted with the intent to inhibit Evans' constitutionally and statutorily protected rights to conduct its lawful business by means of fair competition and participation in the free market.

26.

Further, the acts and practices of the defendants include, but are not limited to:

(i) systematically targeting Evans, his new firm and clients for discrimination and exclusion without justification;

(ii) pressuring, coercing and inducing lawyers and clients to discriminate and exclude Evans and his law firm from being able to negotiate for clients;

(iii) establishing a conspiracy and scheme against Evans and his law firm with the intent to damage and economically destroy Evans and his law firm by preventing Evans and his law firm from engaging in lawful commerce;

IMAGED JUL 11 2016

(iv) preventing other third parties from engaging in lawful commerce with Evans and his law firm;

(v) preventing Evans and his law firm from engaging in lawful commerce;

(vi) preventing clients from the benefits of freely choosing their lawyers in a free market; and

(vii) executing new client contracts, which had the aforementioned effects, all clearly constitute unethical, immoral, unfair, and deceptive acts and/or practices as well as intentional interference with certain preexisting contractual rights, and thus have caused and continue to cause Evans and his law firm significant damage and an ascertainable loss of money.

27.

Upon information and belief, the aforementioned acts and practices continue presently at other developments where Burgos, McGregor and Daigre, and such acts and practices therefore continue to damage and economically injure Evans and his law firm by preventing Evans and his law firm from engaging in lawful commerce and business.

**COUNT II. Liability for Acts Causing Damages. La. Civ. Code Art. 2315,** *et seq.*

28.

The aforementioned acts and practices by the Burgos, McGregor and Daigre have tortuously interfered with lawful business relations between Evans and his law firm and other clients.

29.

The aforementioned acts and practices by Burgos, McGregor and Daigre constitute defamation of Evans and his law firm's good name and reputation.

30.

Upon information and belief, Defendants, William M. Ross and Richard C. Stanley, attorneys, are liable *in solido* for aforementioned acts and practices, and who, at all times pertinent herein, advised the co-conspirators on how to act and carry out their fraudulent plan with full knowledge of Burgos, Daigre and McGrergor's intent to commit fraud, breach of their fiduciary duty, error, duress, immoral and deceitful conduct and for mishandling of Evans' personal injury suit.

IMAGED JUL 1 1 2016

### COUNT III. Violations of the Racketeer Influenced and Corrupt Organizations Act. 18 U.S.C. 1962, *et seq*.

31.

The various aforementioned acts and practices constitute the predicate acts and racketeering activity/unlawful conduct in violation of 18 U.S.C. 1962 (b), (c), and (d).

32.

The aforementioned predicate acts relate to a certain enterprise ("RICO Enterprise"), were perpetuated by such enterprise, and were part of the common plan of such enterprise.

33.

The structure of the RICO Enterprise is an association-in-fact between Burgos, McGregor and Daigre who, operating in and through the juridical person known as The Burgos Law Firm, LLC, have participated and conspired to participate in the aforementioned predicate acts forming a pattern of racketeering as alleged above. The purpose, role, function, and course of conduct of the RICO Enterprise is to carry out such pattern of racketeering activity.

34.

Burgos, McGregor and Daigre are the only members of the RICO Enterprise known to Plaintiffs at this time and are the perpetrators of the predicate acts constituting racketeering activity.

35.

The activities of the RICO Enterprise, as alleged in the various provisions above, constitute a pattern of racketeering activity to the detriment of Plaintiffs. The benefit received by the RICO Enterprise and its members is the satisfaction of perpetuating vengeance upon Plaintiffs and of eliminating a perceived, but unreal, threat posed by Plaintiffs by causing the Plaintiffs substantial economic injury and damage.

36.

The Plaintiffs were all injured by the aforementioned predicate acts of Defendants because such Defendants were the sole reason Evans lost and continues to lose various business opportunities, which have caused substantial economic injury to Plaintiff Evans.

37.

The various predicate acts and practices provided above have caused injury and financial hardship to the Plaintiffs' business and financial endeavors by unfairly discriminating against and

preventing Plaintiffs from economic growth which would have otherwise been obtained were it not for the aforementioned predicate acts and practices.

## LEGAL MALPRACTICE

38.

At all times material hereto, Cesar Burgos and the co-conspirators were acting as the attorney for Robert Evans in a Personal Injury case. Burgos and his co-conspirators, never prepared for the case, filed frivolous pleadings, and did a horrible job of prosecuting Evans' personal injury case. In fact, the behavior of Cesar and the co-conspirators have resulted in a reduced value of a serious case, wherein Evans underwent a back fusion.

39.

Specifically, Cesar was given authority to settle Evans' personal injury case in October of 2014 for the total sum of $500,000. Curiously, Cesar asked Evans to stay away from the office for the mediation. Apparently, defense counsel offered $500,000 to settle the case, the amount that Cesar and Evans agreed the case should settle for. However, Burgos never communicated to Evans the $500,000 offer. To the contrary, Burgos advised Evans that he could not get more than $425,000 from the tortfeasor. However, recently, counsel for the tortfeasor confirmed in writing that a written offer was made for $500,000 in October of 2014 and Cesar rejected the offer without Evans' approval. Accordingly, Cesar committed malpractice for rejecting a settlement which he had the authority to settle. Upon information and belief, Burgos did this purposefully to the financial detriment of Evans.

40.

The damages sustained by reason of the violation of 18 U.S.C. Section 1962 are ongoing, but to date, likely exceeds ten million United States Dollars ($10,000,000.00). Each Defendant is liable for the entirety of this amount, *in solido*.

\* \* \* \* \* \* \*

**WHEREFORE, PLAINTIFFS** pray that all aforementioned **DEFENDANTS** and the Attorney General for the State of Louisiana be served with a copy of this Petition for Damages, and that after due proceedings be had, and after trial by jury, there be entry of a Judgment in favor of Plaintiffs and against Defendants for any and all damages and losses caused by the acts, practices, and conduct of Defendants in violation of La. R.S. 51:1401, *et seq.*; La. Civ. Code Art.

IMAGED JUL 11 2016

2315, *et seq.*; 18 U.S.C. 1961, *et seq.*; for all attorney's fees and costs incurred; and for any and all other just and equitable relief this Honorable Court deems appropriate.

*Respectfully Submitted:*

THE EVANS LAW CORPORATION

_____
Robert B. Evans, III #23473
Joshua D. Allison, #36142
3421 N. Causeway Blvd., Suite 201
Metairie, Louisiana 70002
Telephone: (504) 828-1010
Telefax: (504) 828-1079
**Counsel for Plaintiffs**

PLEASE SERVE:

**Cesar Burgos and the Burgos Law Corporation, APLC**
Through their agent:
Cesar Burgos
3535 Canal Street
New Orleans, LA 70119

**George McGregor**
Burgos Law Corporation, APLC
3535 Canal Street
New Orleans, LA 70119

**Robert Daigre**
Burgos Law Corporation, APLC
3535 Canal Street
New Orleans, LA 70119

**Richard C. Stanley**
Stanley, Reuter, Ross, Thornton & Alford, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112

**William M. Ross**
Stanley, Reuter, Ross, Thornton & Alford, LLC
909 Poydras Street, Suite 2500
New Orleans, Louisiana 70112

**ATTORNEY GENERAL FOR THE STATE OF LOUISIANA**
1885 North 3rd St. 6th Floor
Baton Rouge, LA 70802



**EVANS LAW**
ROBERT B. EVANS, III, J.D., M.B.A.
A PROFESSIONAL LAW CORPORATION

OF COUNSEL:
JOSHUA D. ALLISON
ROBERT B. EVANS, JR.

3421 N. Causeway Blvd.
Suite 201 | Metairie, LA 70002
OFFICE: 504-828-1010 | FAX: 504-828-1079
EMAIL: Robby@RobertEvansLaw.com | SITE: RobertEvansLaw.com

July 7, 2016

**SENT VIA TELEFAX and FEDERAL EXPRESS #8097 1192 9124**

Clerk of Court, 24th JDC
Parish of Jefferson
200 Derbigny Street
Civil Division "M"
Gretna, Louisiana 70053

Re: Robert B. Evans, III v. Cesar Burgos, et al
24th JDC #762-636, Division "M"

Dear Clerk:

Enclosed please find an original and seven (7) copies of a Petition for Nullification of "Settlement Agreement", for Breach of Fiduciary Duty, for Fraud, Error and Duress, for Claims Under the Louisiana Unfair Trade Practices Act, for Conspiracy to Commit Fraud, for Unfair Trade Practices, for Immoral and Deceitful Conduct, for Mishandling of a Personal Injury Suit and for Malpractice, in reference to the newly fax-filed case. The Petition was fax filed on Thursday, July 7, 2016. As per your office's instructions, I enclose the following checks:

1) Clerk, Jefferson Parish        $885.00
2) Orleans Parish Civil Sheriff   $120.00
3) Sheriff, E. Baton Rouge Parish $ 23.36

I also enclose a stamped, self-addressed envelope for the return of a <u>clocked-in copy of the Petition to my office.</u> Sent 7-8-16 ch.

Thank you for your assistance.

Very truly yours,

CHARLENE M. MAHNER
Paralegal to Robert B. Evans, III

Enclosures

IMAGED JUL 11 2016

