UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| EVANS LAW CORPORATION, APLC, ET AL. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 16-13550 |
| | * | |
| CESAR BURGOS, ET AL. | * | SECTION: "N" (2) |

**********************************************************************

## RICO CASE STATEMENT

**NOW INTO COURT**, through undersigned counsel, come Plaintiffs herein, The Evans Law Corporation, APLC, and Robert B. Evans, III, who, reserving all rights to supplement accordingly, respectfully submit the following RICO Case Statement in accordance with this Honorable Court's August 8, 2016 RICO Standing Order:

1. State whether the alleged unlawful conduct is in violation of 18 U.S.C. Sections 1962(a),(b),(c), and/or (d). If you allege violations of more than one Section 1962 subsection, treat each as a separate RICO claim.

The alleged unlawful conduct is in violation of 18 U.S.C. Sections 1962(b)(c) and (d). Plaintiffs reserve their rights to supplement this statement and any and all pleadings should litigation reveal that certain conduct has occurred in violation of 18 U.S.C. Sections 1962(a).

2. List <u>each</u> defendant and state the alleged misconduct and basis of liability of <u>each</u> defendant.

Cesar R. Burgos ("Burgos") regularly defamed Plaintiffs and created and established a fraudulent conspiracy against Plaintiffs with the sole intention of causing Plaintiffs economic injury and damage. Burgos attempted to and induced others into a fraudulent conspiracy against Plaintiffs with the sole intention of causing Plaintiffs economic injury and damage. In furtherance

of the conspiracy scheme and in order to defraud clients, Burgos appropriated control of Plaintiffs' email without Plaintiffs' permission, used the U.S. postal service, and used telephone lines. Burgos also systematically targeted Plaintiffs for discrimination and exclusion with the sole intention of causing Plaintiffs economic injury and damage. Burgos also maliciously interfered with relationships Plaintiffs had with other third parties with the sole intention of causing Plaintiffs economic injury and damage. Accordingly, Burgos is liable under 18 U.S.C. Sections 1962(b)(c) and (d). Plaintiffs reserve their rights to supplement this statement and any and all pleadings should litigation reveal any additional allegations.

George McGregor ("McGregor") regularly defamed Plaintiffs and participated in a fraudulent conspiracy against Plaintiffs with the sole intention of causing Plaintiffs economic injury and damage. McGregor attempted to and induced others into a fraudulent conspiracy against Plaintiffs with the sole intention of causing Plaintiffs economic injury and damage. In furtherance of the conspiracy scheme and in order to defraud clients, McGregor appropriated control of Plaintiffs' email without Plaintiffs' permission, used the U.S. postal service, and used telephone lines. McGregor also systematically targeted Plaintiffs for discrimination and exclusion with the sole intention of causing Plaintiffs economic injury and damage. McGregor also maliciously interfered with relationships Plaintiffs had with other third parties with the sole intention of causing Plaintiffs economic injury and damage. Accordingly, McGregor is liable under 18 U.S.C. Sections 1962(b)(c) and (d). Plaintiffs reserve their rights to supplement this statement and any and all pleadings should litigation reveal any additional allegations.

Robert Daigre ("Daigre") regularly defamed Plaintiffs and participated in a fraudulent conspiracy against Plaintiffs with the sole intention of causing Plaintiffs economic injury and damage. Daigre attempted to and induced others into a fraudulent conspiracy against Plaintiffs

with the sole intention of causing Plaintiffs economic injury and damage. In furtherance of the conspiracy scheme and in order to defraud clients, Daigre appropriated control of Plaintiffs' email without Plaintiffs' permission, used the U.S. postal service, and used telephone lines. Daigre also systematically targeted Plaintiffs for discrimination and exclusion with the sole intention of causing Plaintiffs economic injury and damage. Daigre also maliciously interfered with relationships Plaintiffs had with other third parties with the sole intention of causing Plaintiffs economic injury and damage. Accordingly, Daigre is liable under 18 U.S.C. Sections 1962(b)(c) and (d). Plaintiffs reserve their rights to supplement this statement and any and all pleadings should litigation reveal any additional allegations.

    3.    List the alleged wrongdoers, other than the defendants listed above, and state the alleged misconduct of each wrongdoer.

There are no additional alleged wrongdoers. Plaintiffs reserve their rights to supplement this statement and any and all pleadings should litigation reveal any additional allegations.

    4.    List the alleged victims and state how each victim alleged was injured.

The alleged victims are The Evans Law Corporation, APLC, a juridical person, and Robert B. Evans, III, a natural person. Both persons were injured by the same acts and practices of the defendants.

    5.    Describe in detail the pattern of racketeering activity or collection of an unlawful debt alleged for each RICO claim.

The pattern of racketeering activity began in approximately late 2014/early 2015 when Burgos and McGregor created and established a conspiracy and scheme to rid Plaintiffs of the interests Plaintiffs held in a limited liability company known as Burgos and Evans, LLC. In furtherance of this conspiracy and scheme, Burgos and McGregor perpetuated fraudulent

misrepresentations of Plaintiffs to Plaintiffs' customers and clients as well as to Plaintiffs' employees. These fraudulent misrepresentations had been commenced by Burgos for years prior to 2015; however, the RICO entity had not formed until Burgos was able to persuade and induce McGregor into compliance with Burgos' schemes. Together, McGregor and Burgos formed an association-in-fact aimed at actively ridding Plaintiffs' interests in the limited liability company known as Burgos and Evans, LLC.

By early Spring of 2015, Burgos and McGregor had successfully induced Daigre into their conspiracy and scheme. Throughout the Spring of 2015, these defendants lied to employees and clients of Plaintiffs about Plaintiffs' whereabouts and wherewithal with the intent to cause Plaintiffs total economic destruction. Such conduct is illegal under the Louisiana Unfair Trade Practices Act and also under Article 2315 of the Louisiana Civil Code. The conduct of these defendant resulted in a critical moment on approximately May 1, 2015 where Plaintiffs were forcibly locked out of the building which Plaintiffs owned by the defendants.

Throughout the remainder of the Spring and Summer of 2015, these defendants maintained a daily pattern and practice whereby they attempted to and induced others into a fraudulent conspiracy against Plaintiffs with the sole intention of causing Plaintiffs economic injury and damage. In furtherance of this conspiracy and scheme and in order to defraud clients, the defendants appropriated control of Plaintiffs' email without Plaintiffs' permission, used the U.S. postal service, and used telephone lines. Through the U.S. Postal service and telephone lines, Defendants repeatedly and regularly lied to clients and customers of Plaintiffs by telling these clients and customers that they did not know the whereabouts of the Plaintiffs, by telling these clients and customers that Plaintiffs were no longer practicing law, etc. During this time Defendants also systematically targeted Plaintiffs for discrimination and exclusion with the sole

intention of causing Plaintiffs economic injury and damage. During this time Defendants also maliciously interfered with relationships Plaintiffs had with other third parties with the sole intention of causing Plaintiffs economic injury and damage.

6. Describe in detail the alleged enterprise for each RICO claim.

All RICO claims asserted are attributable to the same RICO enterprise. The original RICO Enterprise started in approximately late 2014/early 2015 and was an association-in-fact between attorneys Burgos and McGregor whereby Burgos was able to seduce McGregor into compliance with his deceptive plan to injure Plaintiffs. Approximately by the early Spring of 2015, the RICO enterprise was enlarged to include attorney Daigre, but continued to remain an association-in-fact between these three defendants. By the summer of 2015, Burgos had established the juridical person known as the Burgos & Associates which became the RICO enterprise at that point.

7. State whether you allege and describe in detail how the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

Plaintiffs allege that the pattern of racketeering activity and the enterprise are largely one entity in that the enterprise acts as one entity when it has carried out the acts complained of. However, the enterprise did not act solely in furtherance of the racketeering activity and also carried out lawful business.

8. Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

The activities of the enterprise are only subtly distinct from the pattern of racketeering activity. The enterprise being attorneys and a law firm, the activities of the enterprise are primarily

the practice of law. The pattern of racketeering activity occurred during the daily activities of the enterprise.

9. Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of racketeering activity.

The alleged enterprise receives financial benefits.

10. Describe the effect of the activities of the enterprise on interstate or foreign commerce.

The activities of the enterprise affected several clients and customers of Plaintiffs who lived outside of the State of Louisiana.

11. If the complaint alleges a violation of 18 U.S.C. Section 1962(a), provide the following information:

    (a) State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt; and,
    (b) Describe the use or investment of such income.

Not applicable at this time as Plaintiffs have not yet alleged violation of 18 U.S.C. Section 1962(a). Plaintiffs expressly reserve their right to supplement accordingly.

12. If the complaint alleges a violation of 18 U.S.C. Section 1962(b), provide the following information:

    (a) Describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise; and,

    (b) State whether the same entity is both the liable "person" and the "enterprise" under Section 1962(b).

The enterprise, as an association-in-fact, was controlled by Burgos and maintained by McGregor and Daigre. The enterprise, as juridical person, is owned and maintained by Burgos exclusively. The same entity is both the liable person and enterprise.

13. If the complaint alleges a violation of 18 U.S.C. Section 1962(c), provide the following information:

    (a) State who is employed by or associated with the enterprise;

    (b) State whether the same entity is both the liable "person" and the "enterprise" under Section 1962(c).

All Defendants are employees and are directly associated with the enterprise. The same entity is both the liable person and enterprise.

14. If the complaint alleges a violation of 18 U.S.C. Section 1962(d), describe in detail the alleged conspiracy.

The alleged conspiracy was a plan originally concocted by Burgos to cause Plaintiffs economic destruction. Burgos was able to seduce McGregor into compliance with the plan. Burgos and McGregor were eventually able to induce Daigre into compliance with the plan.

15. Describe the alleged injury to business or property.

The injury to business or property is the direct loss of profits due to defendants' lies to clients as well as the damages sustained due to the defamatory comments.

16. Describe the relationship between the alleged injury and violation of the RICO statute.

The injuries were sustained in part as a result of the violation of the RICO statute.

17. List the damages sustained by reason of the violation of Section 1962, indicating the amount for each defendant allegedly is liable.

The damages sustained have not yet been fully accounted for an since the damages are continuous, the figures are not susceptible of finalization at this time. Nevertheless, approximate amount of damages may be fairly calculated at $10,000,000.00 to be shared equally by the defendants. Plaintiffs specifically reserve their right to supplement accordingly.

18. List all other federal causes of action, if any, and provide the relevant statute numbers.

There are no other federal causes of action at this time.

19. List all pendent state claims, if any.

Claims for damages under the Louisiana Unfair Trade Practices and Consumer Protection Act as well as claims for damages under Article 2315 of the Louisiana Civil Code.

20. Provide any additional information you feel would be helpful to the Court in processing your RICO claim.

Plaintiffs submit that the more notable allegation which might be helpful to process the RICO claim is the allegation that defendants appropriated control of Plaintiffs' email without Plaintiffs' permission, used the U.S. postal service, and used telephone lines to defraud Plaintiffs and Plaintiffs' clients.

                                                     RESPECTFULLY SUBMITTED,

                                                     /s/ROBERT B. EVANS, III
                                                       (LA Bar #23473)
                                                       EVANS LAW, APLC
                                                       3421 N. Causeway Boulevard, Suite 201
                                                       Metairie, Louisiana 70002
                                                       Phone: (504) 828-1010
                                                       Telefax: (504) 828-1079
                                                       ATTORNEY FOR EVANS LAW
                                                       CORPORATION, APLC, ET AL

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been filed electronically and that an electronic copy has been sent via e-mail to all counsel of record by this Court and that a copy of this pleading is available for viewing and downloading from the EFC system.

/s/ ROBERT B. EVANS, III