UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE EVANS LAW CORPORATION, APLC, ET AL. | CIVIL ACTION |
| VERSUS | NO. 16-13550 |
| CESAR R. BURGOS, ET AL. | SECTION "N" (2) |

## ORDER & REASONS

Before the Court is the motion to remand (Rec. Doc. 9) filed by the plaintiffs, Robert B. Evans, III and Evans Law Corporation, APLC (collectively "Evans"). The defendants oppose the motion. (*See* Rec. Doc. 10 & 11). Now, having reviewed the submissions of the parties, the record, and the applicable law, the Court rules as stated herein.

This litigation represents the revival of a dispute between two former law partners, Robert Evans and Cesar Burgos, which has seen the dissolution of the firm Burgos & Evans, LLC. In this action, Evans asserts against Burgos, and other defendants, a Racketeer Influenced and Corrupt Organizations Act ("RICO") claim and various state law claims, including general negligence, legal malpractice, and a violation of the Louisiana Unfair Trade Practices and Consumer Protection Law ("LUPTA"). Due to the presence of the civil RICO claim, Burgos removed the case from the 24th Judicial District Court for the Parish of Jefferson. Evans now moves the court to sever and remand the state law claims only. As the basis for this request, Evans argues that the Court should decline to exercise supplemental jurisdiction over the state law claims because (1) the LUPTA claim raises a novel or complex issue of state law and (2) the state law claims substantially predominate over the civil RICO claim.

The Court disagrees on both counts. First, Evans does not explain how issues of state law raised by the LUPTA claim are novel or complex; rather, Evans merely argues that LUPTA defines unfair trade practices broadly. Second, Evans' state law claims do not substantially predominate, as Evans has identified these claims as predicate acts to the RICO claim. Finally, because they relate to the RICO claim, remanding only the state law claims would result in piecemeal litigation that would unnecessarily consume judicial resources and possibly lead to inconsistent verdicts. For these reasons,

**IT IS ORDERED** that the motion to remand (Rec. Doc. 9) is **DENIED**.

New Orleans, Louisiana, this 29th day of December 2016.

								_____
								**KURT D. ENGELHARDT**
								**United States District Judge**