UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| THE EVANS LAW CORPORATION, APLC, ET AL., | * * | CIVIL ACTION NO. 2:16-cv-13550 |
| Plaintiffs | * | CHIEF JUDGE KURT D. ENGELHARDT |
| VERSUS | * * | MAG. JUDGE WILKINSON |
| CESAR R. BURGOS, ET AL. | * | |
| Defendants | * | |
| * * * * * * * * * * * * * * * * * * * * | * | |

## ORDER AND REASONS

Presently before the Court is a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b) and (c) that was filed by Defendants, Cesar R. Burgos, The Burgos Law Corporation, APLC, George McGregor, and Robert Daigre ("Defendants" or "the Burgos Defendants"). (Rec. Doc. 104). With their motion, Defendants seek dismissal with prejudice of Count I, Plaintiffs' claims under the Racketeer Influenced and Corrupt Organization Act ("RICO"), asserting that Plaintiffs' claims are time-barred and fail as a matter of law under 18 U.S.C. 1961, *et seq.*; Defendants further request that the Court decline to exercise pendant jurisdiction over the remaining state law claims. (Rec. Doc. 104-1 at p. 1). The motion is opposed by the Plaintiffs, Robert Evans, III and the Evans Law Corporation, APLC ("Plaintiffs"). (Rec. Doc. 113). Defendants filed a reply in support of the motion to dismiss (Rec. Doc. 117), which was followed by Plaintiffs' sur-reply in opposition of dismissal (Rec. Doc. 120).

Having carefully considered the parties' submissions and the applicable law, **IT IS ORDERED** that Defendants' Motion to Dismiss Count I of the Fourth Amended Complaint (Rec. Doc. 104) is **GRANTED** for the reasons stated herein.

1

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Revised RICO Statement (Rec. Doc. 108) is **DENIED AS MOOT**.

## I. BACKGROUND

On July 7, 2016, the Plaintiffs, Robert B. Evans, III ("Mr. Evans") and the Evans Law Corporation, APLC, commenced this action against the Defendants, Cesar Burgos, Burgos & Associates, The Burgos Law Corporation, APLC, George McGregor, and Robert Daigre in the 24th Judicial District Court in Jefferson Parish.[1] (*See* Rec. Doc. 1-1). On August 3, 2016, Defendants jointly removed this matter to the United States District Court for the Eastern District of Louisiana based on Plaintiffs' allegations that Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, *et seq.* (Rec. Doc. 1).

In Count I of the Fourth Amended Complaint,[2] filed on May 24, 2017, Plaintiffs allege that Burgos, McGregor, and Daigre—RICO persons pursuant to § 1961(3)—conspired to violate 18 U.S.C. § 1962(c) by agreeing to the commission of a pattern of racketeering activity through the law firms of Burgos & Evans and Burgos & Associates (RICO enterprises), in violation of 18 U.S.C. § 1962(d). (Rec. Doc. 90 at p. 9). Plaintiffs contend that Defendants' schemes involved racketeering acts occurring over more than a three-year period, forming a pattern of racketeering, and resulted in the loss of millions of dollars in income. (*Id.*).

---

[1] Between 1999 and 2015 Evans and Burgos were law partners at the law firm of Burgos & Evans, LLC. The dispute between the parties allegedly began in May of 2015 when Mr. Evans was expelled from Burgos and Evans, LLC, which led to the filing of a lawsuit in Civil District Court for the Parish of Orleans.

[2] Plaintiffs' Fourth Amended Complaint includes seven additional counts: violations of Louisiana's Unfair Trade Practices Act (Count II); wrongful conversion of proprietary information (Count III); wrongful conspiracy under La. Civ. Code Art. 2315, 2324 (Count IV); Evans' defamation and disparagement claim (Count V); Evans Law Corporation's defamation and disparagement claim (Count VI); tortious interference and business relations (Count VII); Evans' legal malpractice against Burgos (Count VIII).

Plaintiffs allege that Defendants violated RICO by conspiring to eliminate Mr. Evans from the Burgos & Evans law firm based on the following predicate acts:

1) <u>Conspiracy to Murder Evans in 2012</u>: In 2012, Burgos formed a scheme to cause Evans' death by heavy doses/combination of hormonal drugs [daily growth hormone injections, namely Sermorelin, and weekly testosterone injections] he knew would likely cause him to have a heart attack....Burgos knew Evans had an aorta valve defect. He was hoping the drugs would cause Evans to have a fatal heart attack, which nearly happened.

2) <u>Scheme to Deprive Evans of His share of the Dixie Brewing Settlement and Oust him form the Firm Begins in 2013 and Culminates in 2015</u>: Burgos & Evans had been engaged in the Dixie Brewing case since 2010. By 2013, settlement discussions were underway, and with the attempt to kill him having failed, Burgos began his next scheme to oust Evans from the firm and deprive him of his share of the settlement. This entailed ongoing uses of the federal mail and wires to spread damaging misinformation about Evans to lay the foundation for his removal from the firm for mental unfitness and alleged drug addiction....

3) <u>Scheme to Violate the Settlement Agreement</u>: Burgos and Evans sued each other in Louisiana state court...on or about July 8, 2015, Burgos and Evans purportedly reached a settlement...Burgos has refused to send the first letter [to clients] directed by the judge and the second letter required by the settlement agreement. And he continued to send more emails and letters to [over 500] clients making the same false statements about Evans in violation of the mail and wire fraud statute…Burgos has not complied with a single obligation of his under the Settlement Agreement [including payment of remaining $900,000 owed to Evans as provided in the Settlement Agreement].

4) <u>Scheme to Cover Up Burgos' Malpractice and Blame Evans</u>: In approximately 2013 or 2014, Evans was hired to represent Mary Washington in a Medical Malpractice case...Burgos asked McGregor to assist Evans in said case...McGregor was assigned the task of drafting an opposition brief challenging the defendants' writ application...Burgos and McGregor failed to file any opposition brief...resulting in the dismissal of that defendant. Rather than tell the client the truth, they caused a letter to be sent to Mary Washington, in Texas, alleging that the failure to file a writ opposition was Evans' fault...This action violation of the mail fraud statute in that it was sent in furtherance of the scheme to harm Evans.

(Rec. Doc. 90 at p. 3-8). Plaintiffs allege that these four schemes "are related in that they were undertaken by Burgos and his later joining co-conspirators [McGregor and Daigre] in order to eliminate Evans from the law firm, take his clients, and deprive him of his 50% shares of revenues from his cases in the event the firm dissolved." (*Id.* at p. 9).

Presently before the Court is Defendants' Motion to Dismiss Plaintiffs' RICO claims pursuant to Federal Rule of Civil Procedure 12(b) and (c). (Rec. Doc. 104). First, Defendants seek to have the Plaintiffs' RICO claims dismissed pursuant to Fed. R. Civ. P. 12(c) as time-barred because the claims were brought more than four years after the alleged RICO conspiracy began. Alternatively, Defendants argue that Plaintiffs' RICO claims should be dismissed for failure to state cognizable claims under 18 U.S.C. § 1961, *et seq.*: "Each of [Plaintiffs'] allegations fails to properly set forth the necessary detail to be considered a predicate act under the federal RICO statute." (Rec. Doc. 104-1 at p. 16).

In its opposition, Plaintiffs assert that the four-year statute of limitations has not run because "the injuries alleged in this Complaint—Mr. Evans' share of the profits from Burgos & Evans Law when he was expelled from the firm—began accruing in May 2015 and continue to accrue, well within the limitations period." (Rec. Doc. 113). Plaintiffs counter that dismissal of their RICO claims is improper because the four alleged schemes were carried out by the Defendants for the purpose of removing Mr. Evans from the firm and taking his share of revenue from their cases. Further, Plaintiffs argue that the relevant alleged predicate acts comply with the heightened specificity requirements of Rule 9(b). (Rec. Doc. 113 at p. 2).

## II. LAW AND ANALYSIS

### A. Motion to Dismiss Under Rule 12(b)(6)

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A legally sufficient complaint must go beyond "labels and conclusions, and a formulaic recitations of the elements of a cause of action." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, a complaint's allegations "must make relief plausible, not merely conceivable, when taken as true." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009).

"Determining whether a complaint states a plausible claim for relief…[is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (degree of required specificity depends on context, i.e., the type of claim at issue). In evaluating a Rule 12(b)(6) motion, the Court is bound to "accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986). Further, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne*, 252 F.3d 352, 357 (5th Cir. 2001).

### B. RICO

The civil enforcement provision of RICO provides that "[a]ny person injured in his business or property by reason of a violation of section 1962…may sue therefor in any appropriate United States district court and shall recover threefold the damages…and the cost of the suit, including a reasonable attorney's fee." 18 U.S.C. § 1964(c). Plaintiffs have brought the instant RICO action pursuant to 18 U.S.C. § 1962(d), which prohibits conspiring to violate subsections (a), (b), or (c) of the RICO statute. Specifically, Plaintiffs allege that Burgos, McGregor, and Daigre were involved in schemes involving racketeering acts over a three-year period, thus each violated 18 U.S.C. § 1962(d) by conspiring to violate 18 U.S.C. § 1962(c). Section 1962 states that it is "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity…." 18 U.S.C. § 1962(c).

In order to plead a § 1962(c) violation, the plaintiff must show that the litigation involves: "(1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise." *See Abraham v. Singh*, 480 F.3d 351, 355 (5th Cir. 2007) (internal citations omitted). Moreover, in order to prove civil RICO liability, the plaintiff must be "injured in his business or property by reason of a violation of section 1962." 18 U.S.C. 1964(c). An "enterprise includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4).

As defined in the RICO statute, "racketeering activity" includes, in relevant part, predicate acts of 18 U.S.C. § 1341 (mail fraud), 18 U.S.C. § 1343 (wire fraud), and La. Stat. Ann. §§ 14:26 and 14:30.1 (conspiracy to commit second degree murder). *See* 18 U.S.C. § 1961(1). "A pattern of racketeering activity consists of two or more predicate criminal acts [state or federal crimes] that are (1) related and (2) amount to or pose a threat of continued criminal activity." *St. Germain v. Howard*, 556 F.3d 261, 263 (5th Cir. 2009); *see also* 18 U.S.C. § 1961(5) (a "pattern of racketeering activity" requires proof of at least two acts of racketeering activity within a ten-year period).

Mail fraud occurs whenever a person, "having devised or intending to devise any scheme or artifice to defraud," uses the mail "for the purpose of executing such scheme or artifice." 18 U.S.C. § 1341. The federal crime of wire fraud is defined as "having devised or intending to devise any scheme or artifice to defraud…transmits or causes to be transmitted by means of wire, radio, or television communication…for the purpose of executing such scheme or artifice." 18 U.S.C. § 1343. Essentially the same analysis applies to the predicate acts of mail fraud and wire fraud: "(1) the existence of a scheme to defraud; (2) the participation by the defendant in the particular scheme with the intent to defraud; and (3) the use of the United States mail or of wire communications in furtherance of the fraudulent scheme." *Walter v. Palisades Collection, LLC*, 480 F. Supp. 2d 797, 802 (E.D. Pa. 2007); *see also S. Snow Mfg. Co, Inc. v. SnoWizard Holdings, Inc.*, 912 F. Supp. 2d 404, 420 (E.D. La. 2012).

The circumstances constituting fraud must be plead with particularity under Rule 9(b), "[t]his particularity requirement applies to the pleading of fraud as a predicate act in a RICO claim as well." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992); *see also*

7

*Walter*, 480 F. Supp. 2d at 802 ("RICO allegations sounding in fraud are subject to the heightened pleading standards of Rule 9(b)."). Under Rule 9(b), "in alleging fraud or mistake, a party must state with *particularity* the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b) (emphasis added). "To satisfy Rule 9(b), 'a plaintiff must state the factual basis for the fraudulent claim with particularity and cannot rely on speculation or [conclusory] allegations.'" *Robinson v. Standard Mortgage Corp.*, 191 F. Supp. 3d 630, 640 (E.D. La. 2016) (citing *United States ex rel. Rafizadeh v. Continental Common, Inc*. 553 F.3d 869, 873 (5th Cir. 2008)); *see also S. Snow Mfg. Co.,* 912 F. Supp. 2d at 419 ("[A] claim of fraud cannot be based on mere 'speculation and conclusory allegations,' and the Fifth Circuit strictly interprets the requirements for pleading fraud."). Generally, "such a statement should include the time, place, and contents of the false representation, as well as the identity of the person making the misrepresentation and what the person obtained thereby." *Robinson,* 191 F. Supp. at 640 (internal citations omitted).

In *Holmes v. Securities Investor Protection Corporation*, 503 U.S. 258 (1992), the Supreme Court set forth the standard of causation applicable to civil RICO claims. *See Hemi Group, LLC v. City of New York, N.Y.*, 559 U.S. 1 (2010) (citing *Holmes*, 503 U.S. at 268-74). Specifically, to state a civil claim under RICO, the plaintiff is required to show that a RICO predicate offense "not only was a 'but for' cause of his injury, but was the proximate cause as well." *Hemi Group*, 559 U.S. at 8-9 (citing *Holmes*, 503 U.S. at 268). Proximate cause, which is evaluated in light of its common-law foundations, requires "some direct relation between the injury asserted and the injurious conduct alleged." *Id*. at 9 (internal citations omitted). "A link that is 'too remote,' 'purely contingent,' or 'indirect' is insufficient." *Id.* (citing *Holmes*, 503 U.S. at 271, 274). Based on the plain reading of the statutory language, the Supreme Court concluded that first-party reliance is

8

not an element of a civil RICO claim based on mail fraud, nor is it a prerequisite to establishing proximate causation. *Bridges v. Phoenix Bond & Indemnity Co.*, 128 S.Ct. 2131, 2145 (2008).[3]

Finally, "Civil RICO claims are subject to a four-year statute of limitations." *Agency Holding Corp. v. Malley-Duff & Associates, Inc.*, 483 U.S. 143, 156 (1987). The accrual of a RICO claim is determined by the "injury discovery" rule, "meaning that the limitations period runs from the date on which the plaintiff discovers, or should have discovered, the injury." *Love v. Nat'l Med. Enter.*, 230 F.3d 765, 773 (5th Cir. 2000).

### i. Analysis

The Court rejects Defendants' argument that Plaintiffs' RICO claims should be dismissed as time-barred, finding that Plaintiffs' RICO claims are timely because they were brought within four years of *discovery of the injury*. The Defendants' argument for dismissal of the RICO claims as time-barred is flawed because they erroneously calculate the four-year statute of limitations from the date "the alleged conspiracy began." (Rec. Doc. 104-1 at p. 16).

Nevertheless, having carefully reviewed Plaintiffs' Fourth Amended Complaint, together with the RICO case statement, and applying the pleading standards set forth above, this Court finds that the Plaintiffs have failed to allege with specificity the elements necessary to state a valid civil RICO claim against Defendants. Even assuming all allegations in the Fourth Amended Complaint are true, Plaintiffs fail to plausibly allege racketeering activity based on the predicate acts of conspiracy to commit murder, mail fraud, or wire fraud under the state and federal criminal statutes. Plaintiffs' vague and conclusory allegations do not contain sufficient detail to properly plead RICO predicate acts, nor does the complaint meet the FRCP 9(b) particularity standard.

---

[3] At the same time, the Court noted, "the absence of first-party reliance may in some cases tend to show that an injury was not sufficiently direct to satisfy § 1964(c)'s proximate-cause requirement, but it is not in and of itself dispositive." *Bridge*, 128 S.Ct. 2131 at 2144.

The gravamen of Plaintiffs' RICO claim alleges that Defendants systematically targeted Plaintiffs through a conspiracy to commit second degree murder and numerous acts of mail fraud and wire fraud, with the sole intention of causing Plaintiffs economic injury and damage. In each of these allegations, however, Plaintiffs fail to include specific dates, times, locations, and persons involved in the predicate acts. In support of their motion, the Burgos Defendants contend, *inter alia*, that Plaintiffs fail to state a claim for which relief can be granted under RICO, because the allegations in the Fourth Amended Complaint do not suffice to establish a pattern of racketeering activity. The Court, applying the foregoing directives, agrees.

First, Plaintiffs allege that in 2012, Burgos conspired with an unnamed doctor to murder Evans by encouraging him to take hormonal drugs that Defendants "knew would likely cause [Evans] to have a heart attack" due to his aorta valve defect. Even applying Rule 8 of the Federal Rules of Civil Procedure, this allegation does not contain sufficient factual detail to be considered a predicate act in the alleged RICO conspiracy. Plaintiffs do not include evidence of Burgos' malicious intent, or minimal factual information including the prescribing doctor's name, the date of the appointment, and the office where the visit took place.

Plaintiff attempts to classify the second, third, and fourth "schemes" as racketeering activity by alleging that each involved violations of the mail fraud and/or wire fraud statutes. Plaintiffs claim that in January of 2013 Burgos, in an effort to harm Evans' business relations, called "*a* pain treatment clinic in *Nevada*…[and] secretly told the *clinic staff*, outside the presence of Evans…that Evans was a drug addict," in violation of the wire fraud statute, 18 U.S.C. § 1343. (Rec. Doc. 90 at p. 4) (emphasis added). In order to properly allege mail or wire fraud—which is not satisfied here—Plaintiffs' must assert specific allegations as to how, why, when and by whom mail or wire fraud was committed, allegations which must amount to criminal mail or wire fraud

10

under the criminal federal statutes. The Plaintiffs' barebones allegations do not identify the name of the pain treatment clinic, the relevant city where the clinic is located, the name of the staff member with whom Burgos allegedly spoke, the source of the content of the conversation, or evidence of Burgos' fraudulent intent.

Next, Plaintiffs allege that on or about May 1, 2015 Daigre violated the mail and wire fraud statutes by hacking into Evans' computer and responding to emails "from *anybody and everybody*, including clients…impersonating Evans…[and] falsely informing *those people*…that [Evans] either stopped practicing or was unable to practice law and had chosen to leave the firm." (*Id.* at p. 6) (emphasis added). Again, there is a glaring omission of detail and specificity in these allegations, which undoubtedly fall short of the 9(b) particularity standard. The complaint lacks the indispensable evidence to support the Plaintiffs' conclusory allegations.

Plaintiffs allege that as further part of the Defendants' conspiracy to injure Evans in his business interests and to take away clients, on or about May 10, 2015, Burgos and McGregor sent "emails and letters through the U.S. Postal system to almost all 600 firm clients," which included clients in Texas, Mississippi, and Pennsylvania, in violation of the federal mail and wire fraud statutes. Not only do Plaintiffs fail to identify a *single* client or recipient of the letters or emails, but also the complaint is devoid of specific facts detailing the content of the communications. Finally, the scheme to cover up Burgos' malpractice is insufficient to constitute a predicate act under the mail fraud statute. Again, the pleadings do not articulate the proper detail to prove a predicate act under the mail fraud statute.

Even assuming that the Plaintiffs have established the requisite predicate acts, Plaintiffs have still failed to assert a valid RICO claim because the pleadings fail to adequately describe (1)

how the alleged schemes are related,[4] and (2) a future threat of criminal activity. Moreover, Plaintiffs' allegations do not satisfy its pleading burden relative to causation, that is, that the alleged RICO predicate offenses was a "but for" and the "proximate cause" of the alleged injury. In other words, Plaintiffs have not alleged sufficient facts to allow a reasonable inference, as opposed to mere speculation, that Plaintiffs' alleged lost business profit was *because of* actions by Defendants. Evans' lost business profits could have resulted from any number of reasons unconnected to the alleged pattern of fraud. Rather, to be actionable under RICO, Plaintiffs' alleged injury is dependent upon a chain of causation that, as presently alleged, is missing vital links.

Therefore, Plaintiffs have not demonstrated the pattern of racketeering activity required to state a claim under RICO. Neither Plaintiffs' amended complaint nor the RICO case statement offers sufficient facts—as opposed to conclusory allegations—to properly plead predicate acts or to demonstrate more than a mere possibility the improperly pled predicate acts as alleged in the four alleged schemes are related, and resulted in the financial injury to Plaintiffs. Therefore, for the aforementioned reasons, the motion to dismiss is granted. The Court notes that an opportunity to amend would be futile because Plaintiffs have had ample opportunities to state their best case, which is evidenced by the four amendments to their original complaint, the substituted fourth amended complaint, the RICO case statement, and their written opposition and sur-reply in opposition to the Defendants' motion to dismiss.

---

[4] *See Curtis v. Law Offices of David M. Bushman, Esq.*, 443 Fed.Appx. 582, 585-86 (2d Cir. 2011) (affirming the district court's dismissal for failure to state a claim and finding that the Plaintiff had failed to adequately plead with particularity a plausible fraudulent scheme: "the fraudulent 'schemes' boil down to little more than speculative and conclusory allegations that the various defendants worked together…[t]here are no facts alleged that support these implausible allegations of an overarching scheme or schemes, nor is common intent properly pleaded.")

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss alleged RICO claims under Rule 12(b)(6) (Rec. Doc. 104) is **GRANTED** for the reasons stated herein. Plaintiffs' RICO claims are **DISMISSED WITH PREJUDICE**. Consequently, in light of the dismissal of the RICO claims over which this Court has original jurisdiction, this Court declines to exercise supplemental jurisdiction over the pendent state law claims pursuant to 28 U.S.C. § 1367(c).[5] Accordingly, the pendant state law claims are hereby **REMANDED** to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Revised RICO Statement (Rec. Doc. 108) is **DENIED AS MOOT**.

New Orleans, Louisiana, this 27th day of October 2017.

**KURT D. ENGELHARDT**
**UNITED STATES DISTRICT JUDGE**

---

[5] *See* Plaintiffs' RICO Case Statement, Rec. Doc. 7: "There are no other federal causes of action at this time."